UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ORLANDO, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-09-3453 |
| § | |
| STATE FARM FIRE AND CASUALTY § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court are Plaintiffs Richard and Michelle Orlando's (the "Orlandos") Motion for Mediation (Doc. 49 at 3); Defendant The Dawn Condominium Association, Inc.'s (the "Association") Motion to Compel Arbitration (Doc. 57), as well as Defendants State Farm Fire and Casualty Company's ("State Farm") and Defendant American Bankers Insurance Company of Florida's ("American Bankers") responses in opposition (Docs. 59 and 60, respectively); Defendant State Farm's Motion for Summary Judgment (Doc. 62) and memorandum in support (Doc. 70), as well as the Orlandos' opposition (Doc. 72); and Defendant American Bankers' Motion for Summary Judgment (Doc. 75) and supplement (Doc. 76), as well as the Orlandos' response (Doc. 77) and American Bankers' reply (Doc. 79). Upon careful review and consideration of these motions, the responses and replies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants State Farm's and American Bankers' motions for summary judgment should be granted and that the Association's motion to compel arbitration should be granted.

I. Background and Relevant Facts

This is a breach of insurance contract case. On or about September 13, 2008, the

Orlandos' condominium units #315 amd #334, located at 7000 Seawall Boulevard in Galveston, Texas, suffered flood damage caused by Hurricane Ike.  (Doc. 38 at 2.)  Plaintiffs had an excess flood insurance policy underwritten by State Farm.  (Doc. 38-1.)  That policy was designed to cover flood damage in excess of that covered by the insurance policy carried by the Association, which was underwritten by American Bankers.  (Doc. 61-1.)  Plaintiffs made a claim under the State Farm policy shortly after the damage occurred.  (Doc. 38 at 1–2.)  State Farm investigated and concluded that the damage amounted to $29,674,65.  (Doc. 38-2 at 2.)  Plaintiffs allege they have not been paid.  (Doc. 1-1 at 3.)

On February 16, 2009, an adjuster for American Bankers inspected Building 3, which encompasses unit #315, and estimated the total building damage at $186,651.82.  (Doc. 62 at 5; Doc. 38-7.)  On May 26, 2009, American Bankers paid $186,651.82 to the Association.  (Doc. 62 at 5–6; Doc. 38-9 at 2.)

On September 14, 2009, Plaintiffs filed suit against State Farm in County Court at Law No. 4 of Harris County, Texas, in cause number 947148.  (Doc. 1-1 at 2.)  On October 23, 2008, State Farm removed the case to federal court under the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq.*  (Doc. 1 at 6.)  State Farm and American Bankers now move for summary judgment.  (Docs. 62 and 75, respectively.)  The Association moves to compel arbitration.  (Doc. 57.)  The Orlandos move for mediation.  (Doc. 49 at 3.)

II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions

on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the

existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

III.  Discussion

State Farm is a Write-Your-Own ("WYO") program carrier participating in the U.S. Government's Nation Flood Insurance Program ("NFIP").  The NFIP was created by the NFIA, is administered by the Federal Emergency Management Agency ("FEMA") and the Federal Insurance Administration ("FIA"), and is underwritten by the U.S. Treasury.  44 C.F.R. Pt. 62, App. A, Art. III(D)(1); *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998).  Insurance claims are brought pursuant to the NFIP under Standard Flood Insurance Policies ("SFIPs").  44 C.F.R. Pt. 61, App. A[1]; 44 C.F.R. § 61.13(a).  Construction of the SFIP is a question of law for the Court.  *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 305 (2000); *Sodowski v. NFIP*, 834 F.2d 653 (7th Cir. 1987), *cert. denied*, 486 U.S. 1043 (1988); *Atlas Pallet Inc. v. Gallagher*, 725 F.2d 131 (1st Cir. 1984).

There are two relevant flood insurance policies in this case:

1. The State Farm policy issued to Plaintiffs on the SFIP Dwelling Form.  (Doc. 38-1, referencing the policy booklet.)

2. The American Bankers policy issued to the Association on the Residential Condominium Building Association Policy ("RCBAP").  (Doc. 38-6; Doc. 62-1.)

The State Farm SFIP policy acts as an excess flood policy to RCBAP issued by American Bankers.  The SFIP states that:

---

[1] This section includes the following SFIP forms:
   1. Dwelling Form.  44 C.F.R. Pt. 61, App. A(1).
   2. General Property Form.  44 C.F.R. Pt. 61, App. A(2).
   3. Residential Condominium Building Association Policy ("RCBAP").  44 C.F.R. Pt. 61, App. A(3).

> If there is other insurance in the name of your condominium association covering the same property covered by this policy, then this policy will be in excess over the other insurance.

44 C.F.R. Pt. 61, App. A(1), VII(C)(2). The SFIP goes on to state that:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and Federal common law.

*Id.*, IX. Likewise, the RCBAP states:

> If there is a flood insurance policy in the name of a unit owner that covers the same loss as this policy, then this policy will be primary.

44 C.F.R. Pt. 61, App. A(3), VIII(C)(2). It further specifies that the RCBAP policy insures

"against direct physical loss by or from flood[,]"

> [t]he residential condominium building described on the Declarations Page at the described location, including all units within the building and the improvements within the units.

44 C.F.R. Pt. 61, App. A(3), III(A)(1). Finally, the RCBAP states that,

> In this policy, "you" and "your" refer to the insured(s) shown on the Declarations Page of this policy. Insured(s) includes: any mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss in the order of precedence. "We," "us," and "our" refer to the insurer.

44 C.F.R. Pt. 61, App. A(3), II(A).

American Bankers issued an RCBAP policy no. 1011162638 to the Association for maximum coverage of $1,824,000.00, subject to a $5,000.00 deductible, and then paid $186,651,82 to the Association for damage to condominium building number 3. (Docs. 38-6 and 38-9.) The RCBAP names the Association as the insured, not the Orlandos. (Doc. 38-6 at 2.) The Orlandos argue that the RCBAP policy issued by American Bankers should have listed them as third party beneficiaries, and that the failure do so violated the Texas Condominium Statute,

which requires that "[e]ach unit owner is an insured person under the policy with respect to liability arising out of the person's ownership of an undivided interest in the common elements or membership in the association[.]" Tex. Prop. Code § 82.111(2)(d)(a)(1). However, this case is governed by federal regulations codified at 44 C.F.R. Pt. 61 and "federal common law" governs all disputes arising from the handling of SFIPs. 44 C.F.R. Pt. 61, App. A(3), X; *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). The Orlandos were not in privity of contract with American Bankers and their claims against American Bankers for breach of insurance contract must be dismissed for this reason.

The RCBAP was the primary policy and its coverage was not exhausted by the damage resulting from Hurricane Ike. The Orlandos argue that it is their "position that if the Dawn Condominium Association, Inc. has 'misappropriated' a minimum of $100.00 funds [the Association] received for damage to unit 315 . . . from American Bankers Insurance Company of Florida[,]" then the Orlandos' "personal homeowners and flood insurer, State Farm Fire and Casualty Company, would then be responsible to pay us for said flood damage because we never received the funds . . . ." (Doc. 72 at 2.) In this case, however, the Orlandos' claim is properly against the Association, not the excess insurer. The excess insurance coverage provided by State Farm was not triggered by the damage to the Orlandos' units and therefore their claims against State Farm must be dismissed.

The Association moves for an order compelling the Orlandos to negotiate, mediate, and, if necessary, arbitrate their claims against it in accordance with the Condominium Declaration for the Dawn (the "Declaration") filed with the real property records of Galveston County, Texas, under clerk's file number 2005085919. The declaration, filed prior to the date the Orlandos purchased their units, is an enforceable contract. *Herbert v. Polly Ranch*

*Homeownders Ass'n*, 943 S.W.2d 906, 908 (Tex. App.—Houston [1st Dist.] 1996, no writ). Article X of the Declaration provides a three step process consisting of good faith negotiations, mediation, and binding arbitration under the auspices of the American Arbitration Association ("AAA") in accordance with the AAA's Commercial or Construction Industry Arbitration Rules. (See Doc. 57 at 2–4.)  The Orlandos, who previously moved for court ordered mediation, did not respond to the Association's motion.  (See Doc. 49 at 3.)

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendants State Farm Fire and Casualty Company's and American Bankers Insurance Company of Florida's motions for summary judgment (Docs. 62 and 75) are **GRANTED**.

The Court further ORDERS that Defendant The Dawn Condominium Association, Inc.'s Motion to Compel Arbitration (Doc. 57) is **GRANTED**.

The Court further ORDERS that Plaintiffs Richard and Michelle Orlando's Motion for Mediation (Doc. 49 at 3) is **MOOT**.

This case is **STAYED** and referred to **ARBITRATION** in accordance with the provisions set forth by the Condominium Declaration for the Dawn filed with the real property records of Galveston County, Texas, under clerk's file number 2005085919.

The parties are **ORDERED** to file a status report with the Court, if and when a settlement is reached, or at the conclusion of the negotiation, mediation, and arbitration process.

SIGNED at Houston, Texas, this 14th day of February, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE